DISSENTING OPINION
I respectfully dissent from the majority opinion in this case.
The majority accepts and applies the Cuyahoga County Court of Appeal's view that "de novo appellate review does not supercede our practice of not addressing issues raised for the first time on appeal." BPCommunications Alaska, Inc., v. Cent. Collection Agency (Mar. 9, 2000), Cuyahoga App. No. 75788, unreported, 2000 WL 263395, at 3. I do not agree.
A de novo review means an appellate court must independently review the record without giving deference to the trial court's decision. See Brownv. Scioto Bd. of Commrs. (1993), 87 Ohio App.3d 704, 711. Holding that an appellate court can only review issues raised in the trial court below is contrary to this principle. Under the majority's approach, the scope of appellate review is restricted by the conduct of the parties below. If appellate de novo review "affords no deference to the trial court's decision," it stands to reason that such unbridled appellate review should also afford no deference to the issue spotting talents of a party's attorney. After all, our duty in a de novo appeal is to make sure that the law has been properly applied and followed.
In this case, summary judgment was granted on the basis of unauthenticated letters and unsigned and uncertified pages from an unfiled deposition transcript. Reliance on such items contravenes Civ.R. 30(E), 32, 56(C) and 56(E). The illegitimacy of these documents for summary judgment purposes is not cured by the lack of objection during the lower court proceedings. Contrary to the majority's conclusion, the unsigned and uncertified deposition excerpts and unauthenticated letters (including the June 28th letter upon which this majority relies) were not properly before the trial court. Simply put, a trial court cannot grant summary judgment based on unsigned, uncertified and unauthenticated evidence. Civ.R. 56(C). Civ.R. 7, 30(E), 32 and 56 render the use of such evidence improper, not a party's objection, especially in a de novo review where the matter is reviewed as if there was no lower court proceedings.
Moreover, even if this court were to follow the Cuyahoga County appellate Court's prior objection rule, this case should be reversed based on the plain error doctrine. See Goldfuss v. Davidson (1997),79 Ohio St.3d 116, syllabus; Voltz v. Manor Care Nursing Home (Mar. 31, 1999), Lake App. No. 98-L-103, unreported, at 9-10. Granting summary judgment on the bases of unsigned, uncertified and unauthenticated documents constitutes plain error. Civ.R. 30(E), 32 and 56.
For these reasons, I would reverse the decision of the trial court and remand this case for further proceedings consistent herewith.